462 So.2d 591 (1985)
John M. SHORT, Petitioner,
v.
GAYLORD BROADCASTING COMPANY; Tampa Television, Inc.; Wtsp-Tv, Inc.; Times Publishing Company; and State of Florida, Respondents.
No. 84-2576.
District Court of Appeal of Florida, Second District.
January 23, 1985.
Anthony S. Battaglia and Stephen J. Wein of Battaglia, Ross, Hastings, Dicus & Andrews, St. Petersburg, for petitioner.
Gregory G. Jones of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Tampa, for respondent Gaylord Broadcasting Co.
Gregg D. Thomas and Mike Piscitelli of Holland & Knight, Tampa, for respondent Tampa Television, Inc.
Jon H. Somsen of Whittemore & Campbell, P.A., St. Petersburg, for respondent WTSP-TV, Inc.
George K. Rahdert of Rahdert, Malone & Richardson, St. Petersburg, for respondent Times Pub. Co.
Jim Smith, Atty. Gen., Tallahassee, Robert J. Landry, Asst. Atty. Gen., Tampa, James T. Russell, State Atty. and C. Marie King, Asst. State Atty., Clearwater, for respondent State of Fla.
OTT, Acting Chief Judge.
We deny this Petition for Writ of Certiorari because the trial court did not depart from the essential requirements of law. We write in order to give guidance to the parties and trial judge in this case and to the bench and bar as a whole, because the circumstances found in this case are likely to reoccur.
Petitioner was involved in the discovery phase of preparing for the defense of criminal charges filed against him. Members of the news media attended discovery depositions and reported on portions of testimony of certain witnesses. Petitioner filed a motion to exclude the press from attending, recording, and reporting on future depositions. The trial court held that there was a first amendment right involved and proceeded to apply the three-prong test prescribed for such cases in Miami Herald Publishing Co. v. Lewis, 426 So.2d 1 (Fla. 1982).[1] The trial court found that the evidence failed to meet the test for excluding the press from the depositions, which he considered to be "judicial proceedings."
*592 The Supreme Court recently held that pretrial depositions are not public components of court proceedings. Seattle Times Co. v. Rhinehart, ___ U.S. ___, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Based upon Seattle Times, we do not perceive this case as involving a first amendment right of the news media to attend and report on the depositions.
Florida Rule of Criminal Procedure 3.220(d) provides general guidelines governing depositions in criminal cases. The rule also states, "[e]xcept as provided herein, the procedure for taking such depositions, including the scope of the examination, shall be the same as that provided in the Florida Rules of Civil Procedure." We therefore look to Florida Rule of Civil Procedure 1.280(c), which provides in pertinent part:
Protective Orders. Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending may make any order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense that justice requires, including one or more of the following: ... (5) that discovery be conducted with no one present except persons designated by the court... .
This rule gives the trial court control over who may or may not attend depositions; the court's discretion is limited only by the standard "for good cause shown." The rule places the burden of obtaining a protective order on the person or party seeking to limit attendance at a deposition.
In this case, petitioner urged below that the attendance by the press at depositions would result in saturation of the community with publicity concerning the charges and evidence against petitioner. In essence, he argued he would be unable to receive a fair trial by an impartial jury. The trial court rejected petitioner's argument and made findings tantamount to a finding that petitioner's argument did not amount to good cause for closing the depositions. Based on the record before us, we hold that this ruling was not a departure from the essential requirements of law.
Finally, we note that it is expensive, time consuming, and inconvenient for the parties, their attorneys, witnesses, and court reporters to show up for a deposition only to be surprised by the attendance of members of the press, resulting in the disruption of the deposition in order to seek a protective order. We hope that members of the media will be courteous enough to provide some type of advance notice to the attorneys involved of intent to attend discovery depositions. Such a procedure would allow any problems to be resolved prior to a scheduled deposition.
Petition for Writ of Certiorari DENIED.
CAMPBELL, J., and BOARDMAN, EDWARD F., (Ret.) J., concur.
NOTES
[1] Lewis imposes the following requirements on closure of a pretrial hearing:

1. Closure is necessary to prevent a serious and imminent threat to that administration of justice;
2. No alternatives are available, other than change of venue, which would protect a defendant's right to a fair trial; and
3. Closure would be effective in protecting the rights of the accused, without being broader than necessary to accomplish this purpose.
426 So.2d at 3.